IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

| | |
|---|---|
| LEROY LYNCH | PETITIONER |
| v. | No. 2:05CV121-M-B |
| STATE OF MISSISSIPPI, ET AL. | RESPONDENTS |

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Leroy Lynch for a writ of *habeas corpus* under 28 U.S.C. § 2254. The petitioner was convicted of capital murder and was sentenced to death. His conviction and sentence were affirmed by the Mississippi Supreme Court, and, with the aid of counsel, he is currently pursuing post-conviction collateral relief in Mississippi state court. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed for failure to exhaust state remedies.

**Exhaustion of State Remedies**

"A fundamental prerequisite to federal *habeas* relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). Prior to bringing a *habeas corpus* claim into federal court, a petitioner must have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal *habeas* petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19).

The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, at 518) (citations omitted).

The petitioner has not exhausted any of his claims in state court. As such, they shall be dismissed without prejudice in this court. A final judgment consistent with this memorandum opinion shall issue today. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 15th day of July, 2005.

                                            /s/ Michael P. Mills
                                           **UNITED STATES DISTRICT JUDGE**